## N. Felix Hilbert

### *v.*

## The Winona & St. Peter Railroad Company.

The act of the Legislature, approved March 10th, A. D. 1862, entitled "An Act to facilitate the construction of a railroad from Winona westerly by the way of St. Peter," did not revive The Transit Railroad Company, or continue or re-grant to it the property or franchises which it had forfeited to the State.

This action was brought in the District court for Winona county, to recover the sum of $1,193 75, found due the plaintiff from "The Transit Railroad Company," upon an accounting had with said Company December 27, 1858, for money loaned and labor performed, the plaintiff claiming that the

said "Transit Railroad Company" and the defendant are one and the same corporation. For a second defense, the defendant alleges, substantially, that, on the 23d day of June, 1860, the State of Minnesota became the owner of the property, corporate rights, privileges and franchises of said "Transit Railroad Company," by purchase under a foreclosure sale then made under and by virtue of a trust deed executed by said Company to Wm. Windom and others, conveying said property, franchises, etc., in trust for the first mortgage bond holders of said Company, of whom said State was one, and that afterwards the State of Minnesota, by an act of its Legislature, approved March 10, 1862, entitled, "An Act to facilitate the construction of a railroad from Winona westerly by the way of St. Peter," did grant, transfer and continue said property, corporate rights, franchises, etc., to Wm. Lamb and others, free and clear of all claims and liens thereon, and did invest the said persons by the name and style of The Winona and Saint Peter Railroad Company, with the right to enter upon, use and enjoy all and singular the road, property, franchises and immunities heretofore possessed by or granted to said "Transit Railroad Company," and vested in and continued to said persons, their associates, successors and assigns, all the corporate rights and privileges of said "Transit Railroad Company," under the name and style of The Winona and St. Peter Railroad Company; that the Winona and St. Peter Railroad Company is the defendant in this action; that said Company derived all its rights, franchises and powers in manner aforesaid, and first organized under and by virtue of the provisions of said act of March 10, 1862. To this defense the plaintiff demurred, upon the ground that the facts stated were not sufficient to constitute a defense. The demurrer was overruled by the court, and from the order overruling the same, the plaintiff appeals to this Court.

Wm. Mitchell, for appellant.

The court below erred in overruling the demurrer, for the following reasons :

I. Because the " Winona and St. Peter Railroad Company," so called, and the " Transit Railroad Company," are the *same*, and' *not different corporations*, although doing business under a different name.

In the consideration of this question, the court will, of course, take judicial notice of all Public Statutes, whether specifically referred to in the pleadings or not.

Under our Constitution, the Legislature cannot create a corporation by special act, save for municipal purposes. Constitution of Minnesota, Sec. 2, Art. 10.

The Constitutional Amendment of April 15th, 1858, neither expressly or impliedly repeals this provision. This being true, any subsequent legislation in contravention of this constitutional provision is unconstitutional and void, and hence, can not be cited as authority, as against the provision of the Constitution referred to. On this point, therefore, it is wholly immaterial what the act of August 12th, 1858, entitled " An Act concerning Land Grant Roads," or any other mere legislative act contains. It may, however, be remarked that the act of August 12th, 1858, may possibly be viewed as a *general* and not a *special* act.

The respondent, however, does not, in its defense, claim to derive its corporate existence under that act, or under the general laws of the State, but exclusively under the special act of March 10th, 1862.

If that act does assume to create a *new* corporation, it is unconstitutional and void. But it is a settled rule of statutory construction, that if possible, the court will so construe an act as to give it effect and validity. And we submit that the only interpretation that can be given to the act of March 10th, 1862, in accordance with the constitutional prohibition, is, that it was intended to *revive* and *renew* the old corporation

with new corporators, under a new name, and waives on be-half of the State all forfeitures theretofore incurred.

This construction is not only the only possible one con-sistent with the validity of the statute, but it is consistent with the language of the statute itself.

It is well•settled that a Legislature has the power to waive forfeitures and revive a corporation, but that such an act does not amount to the creation of a new corporation.   22 Conn. 435 ; 1 Gilman, 672 ; Angell & Ames on Corp., Sections 777 and 780.

If it be the same *corporation*, then it is the same person, in the eye of the law, although bearing a new name and with new corporators.   It is the artificial character, powers and franchises, and not the natural character of its members, which constitutes the identity of a corporation.   2 Mason, page 43.

It is well settled that if an old corporation be revived, although under a different name and with new corporators, all its rights and *liabilities* are revived with it.   2 Mason, C. C. R. page 43 ; Angell & Ames on Corp., Sec. 780 ; 1 Wharton, 410 ; *Hopkins v. Swansea Corporation*, 4 M. & W. 621 ; *Longley v. Longley Stage Co.*, 23 Maine, 39. .

The provision in the act of March 10th, 1862, to the effect that the new corporators should hold the property and fran-chises free and clear of all claims and debts, can only apply to debts due the State.   Beyond that the Legislature had no constitutional power to go.   They cannot impair the validity of contracts by legislating away the vested rights of third parties.

II.   But admitting, for sake of argument, that the Transit Railroad Company and the Winona & St. Peter Railroad Company are different and distinct corporations, yet the de-murrer to the second part of the answer should have been sustained, because it is alleged in the complaint, and not de-nied in the second defense in the answer, that the Winona and St. Peter Railroad Company "has taken possession of

and appropriated to their own use and benefit, the work done and services rendered and money expended by the appellant in the premises." And having thus appropriated the proceeds of such services to their own use and benefit, and reaped the advantages derived from it, the law assumes, on their part, an implied promise to pay appellant whatever such services were reasonably worth.

In either or any view of the case, the order of the court below should be reversed.

SARGENT, FRANKLIN & KEYES, for respondent.

I. The court below did not err in overruling the demurrer.

1. A franchise is an incorporeal hereditament, known as a species of property as well as any estate in lands. It is property which may be bought and sold, which will descend to heirs, and may be devised. *Enfield Toll Bridge v. Hart. & N. H. Railway*, 17 Conn. 40; Redfield on Railways, 589, n. 590; *Grinnell v. The Trustees of Sandusky, Mansfield & Newark Railway*, C. P. Ohio, Redfield on Railways, 589; *Bowman v. Wathen*, 2 McLean R. 393.

2. A corporation may exercise all the powers and privileges conferred upon it by its charter not prohibited by the constitution of the State or United States. Angell and Ames on Corporations, 7 Ed. Sec. 71, p. 53 and 54.

And the Legislature may confer any power or privilege upon a corporation, not prohibited by the Constitution of the State or of the United States.

3. The Legislature had the constitutional right to, and did confer upon the Transit Railroad Company, the authority to mortgage all its rights, privileges and franchises, as well as its other property, real and personal. And the State was authorized to become the purchaser of the said property, rights, privileges and franchises, at a sale thereof on foreclosure of such mortgage, and to hold and transfer the same, as her

property.   Chap. 27; Laws 1855 ; Chap. 2, Laws 1857 ; Chap. 126, Comp. Stat. (22) Sec. 5, p. 840 ; Constitutional Amendment 1858, Sec. 10 of Art. 9, Comp. Stat. p. 66 ; Laws of 1860, p. 269 ; *Fletcher v. Peck*, 6 Cranch 87.

4.   If there is any question as to the right of the company to mortgage its property and franchises, (which it seems to us there can not be,) of this we think there can be no doubt, that the act of the Legislature, passed and approved March 6th, 1860, declaratory of the conditions broken of the trust deed, and authorizing and requiring the Governor to proceed with the foreclosure, and the act passed and approved March 10th, 1862, making the grant or conveyance of the property and franchises of the Transit Railroad Company, acquired by the State at the foreclosure sale, to the persons named in the act under the name and style of the Winona and St. Peter Railroad Company, constitute a full and complete confirmation and ratification by the State of the act of the said Transit Railroad Company in making the trust deed, and thus making it valid *ab initio*.   Laws 1860, p. 269 ; Laws 1862, p. 226 ; *Shaw et al., Trustees, v. Norfolk County Railroad*, 5 Gray 62 ; Redfield on Railways, 585–589, note ; *Jackson v. Brown*, 5 Wend. 590.

5.   The presumption is that every State statute, the object and provisions of which are among the acknowledged powers of legislation, is valid and constitutional; and that such presumption is not to be overcome, unless the contrary is clearly demonstrated.   And when the constitutionality of a statute passed by State Legislature depends upon the existence of any facts, the presumption is conclusive, that the Legislature had proof before them of the existence of such facts.   *Fletcher v. Peck*, 6 Cranch, 87 ; *Ex parte McCollum*, 1 Cow. 564 ; *Morris v. The People*, 3 Denio, 381 ; *The People v. Newell*, 3 Seld. 109 ; *De Camp v. Eveland*, 19 Barb. 18 ; *Rumsey v. People*, 19 N. Y. 47.

So, the presumption is conclusive that the Legislature had proof before them of all the facts necessary to make the act of 1862, (Laws of that year, page 226,) valid and constitutional.

6. This respondent is not the Transit Railroad Company, nor is it liable to the appellant, for the debt of that company in question. The respondent owns and holds the property, rights, privileges and franchises of the Transit Company, free and clear of all claims against the same, under the State—the purchaser of the same on foreclosure sale thereof. Comp. Stat. p. 840, Sec. 5; Laws of 1862, p. 226; *Pierce v. Emery*, 32 N. H. 512; *Vilas v. Milwaukee and Prairie du Chien R. R.*, 17 Wis. 497; *McDonald and Graham v. The Minnesota Central Railway Company*, U. S. C. C. for District of Minnesota, June Term, A. D. 1865.

The order of the court below should be affirmed.

*By the Court*—WILSON, CH. J.—The sole question involved in this case, is whether the act of the Legislature, approved March 10, 1862, entitled "An act to facilitate the construction of a railroad from Winona westerly by way of St. Peter," revived the Transit Railroad Company, and re-granted and continued to it the franchises and property which it had forfeited to the State. This question, we think, must be answered in the negative. It is only by a most forced and unnatural construction, that the language of the law can be made to bear the meaning that must be given to it to support the plaintiff's claim in this action. The intention of the act, according to the plain, ordinary and natural meaning of the language used, is to convey to the defendant the property and franchises of the Transit Railroad Company, which had been forfeited to the State, unburdened by any debts or liabilities of said company. There is not a word in said act to show an intention to revive the Transit Railroad Company, or to re-grant to it the property and franchises which it had forfeited, and if the Legislature had intended to do this, we must sup-

pose that it would have used language clearly expressing such intention.

The intention of the Legislature is to be sought for in the language of the law, and when that is plain and unambiguous, and leads to no absurd or unjust consequences, we must presume that it conveys the meaning of the Legislature, and under such circumstances there is no room for construction or interpretation.

We think there is nothing in the position that the possession and use of the property formerly owned by the Transit Railroad Company, makes the defendant liable for the debts of said company.

Were the defendant a natural person, holding property acquired by the foreclosure of a first mortgage, such liability would hardly be claimed. The plaintiff having no lien on the property, has no claim except against the person for whom the work and labor was performed. This is the same question involved in case of *Huff v. Winona and St. Peter Railroad Company*, decided at this term, *ante*, p. 180.

The order appealed from is affirmed.